# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARL REGINALD DUNMORE,** | : | CIVIL NO. 3:15-CV-1624 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| **DAVID J. EBBERT,** | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Karl Reginald Dunmore ("Dunmore"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. Background

Dunmore indicates that he was sentenced to consecutive terms of imprisonment, totaling 262 months, in the United States District Court for the District of South Carolina, Columbia Division, on June 21, 2006. (Doc. 1, p. 1). Dunmore seeks to have his sentence vacated and remanded for re-sentencing based on the holding in the Supreme Court of the United States case of Johnson v. United States, — U.S. — , 135 S.Ct. 2551(2015) (finding

---

[1]Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

that an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violated the Constitution). (Doc. 1, pp. 1-2). He "did not appeal his conviction nor submit any collateral challenge under 28 U.S.C. § 2255.

The instant petition was filed on August 20, 2015.

**II.    Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A). Dunmore has failed to present the issue he raises in a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Instead, he attempts to utilize § 2241 to obtain the desired relief. Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in

this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Dunmore fails to demonstrate that he falls within the Dorsainvil exception. He contends that he is entitled to relief from sentencing as an armed career criminal, as opposed to being factually innocent of the crime for which he was convicted. Accord United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."); see also, Selby v. Scism, 453 F. App'x 266, 268 (3d Cir. 2011) (finding "Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a [career offender] sentencing enhancement because of an intervening change in law. Accordingly the exception described in In re Dorsainvil does not apply."). If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case

3

here, the petition must be dismissed for lack of jurisdiction. <u>Application of Galante</u>, 437 F.2d 1154, 1165 (3d Cir. 1971).

## III. <u>Conclusion</u>

For the above stated reasons, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

                                                **BY THE COURT:**

                                                **<u>s/James M. Munley</u>**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**

Dated:       October 7, 2015